**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DERRICK TRENT, et al.,

                      Plaintiffs,

          - against -

KMART HOLDING CORPORATION, et al.,

                    Defendants.
-----------------------------------------------------------X

**ORDER**

CV 04-0061 (LDW) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      This order resolves several pending applications for relief for reasons set forth below. First, by letter-motion dated March 4, 2005, defendant KMart Holding Corporation ("KMart") seeks to preclude plaintiff Derrick Trent from testifying at trial. Docket Entry ("DE") 15. That motion is denied. Second, on March 10, 2005, plaintiffs Derrick and Beverly Trent filed a motion seeking to compel KMart to produce its loss prevention manual. DE 17-DE 20. That motion is granted. Third, in responding KMart's motion, the plaintiffs on March 24, 2005, submitted what they characterized as two cross-motions. DE 26. The first of those actually requested two distinct forms of relief: (a) an order compelling witness Matthew Shapiro to appear for a deposition; and (b) an order amending the caption to replace the "Doe" designations with the names of Mr. Shapiro and two other putative defendants. Each part of that cross-motion is denied. The plaintiffs' second cross-motion seeks the preclusion of every item listed in plaintiffs' third document demand, which the plaintiffs claim have not been provided. That request is denied, but I do order KMart to provide the requested documents. Finally, because I am simultaneously with this order issuing a separate report and recommendation urging the court to dismiss the case for lack of jurisdiction, I am staying the above orders to produce discovery pending Judge Wexler's determination with respect to my recommendation of dismissal.

I.  Background

On January 8, 2005, the plaintiffs commenced this action against defendant KMart and three of its employees – identified only as Mark, Jason, and John Doe – pursuant to 42 U.S.C. § 1983 and New York State tort law. DE 1. The plaintiffs allege that Mr. Trent was physically assaulted by agents of KMart after being accused of shoplifting. KMart filed an answer denying all allegations and raising several affirmative defenses. DE 3.

II.  Discussion

A.  KMart's Motion To Preclude Mr. Trent's Testimony

On February 2, 2005, KMart conducted the third day of its deposition of Mr. Trent. KMart's counsel asked Mr. Trent to relate what he had told the state court judge about in his allocution in the criminal prosecution for shoplifting that arose out of the same incident as the instant civil action. DE 15. Mr. Trent refused to describe the allocution itself; instead, he insisted on simply referring counsel to the entirety of his prior deposition testimony describing his version of the events leading up to his detention by KMart for shoplifting. KMart's counsel made several more unsuccessful attempts to elicit a description of the allocution, but Mr. Trent's counsel objected and asserted that Mr. Trent had already given a sufficient answer.

Mr. Trent's counsel then interrupted the deposition to bring this and several other disputes to my attention. DE 19. At that time, I instructed counsel to have his client answer KMart's questions, and cautioned him that if his client did not cooperate in this deposition, I would consider imposing sanctions. However, when the deposition resumed, rather than simply re-ask the question and give Mr. Trent an opportunity to comply with my ruling, KMart's counsel placed the following statement into the record: "After a conference with Judge Orenstein we were

directed that if the transcript is as I relayed the facts to him, he will entertain a motion for sanctions to preclude any testimony on behalf of the plaintiff at trial, so I would just take that ruling and move on with my questioning." DE 15 at 3.

Consistent with that position, KMart now asks that I preclude Mr. Trent from testifying at trial as a sanction for his failure to answer deposition questions. KMart does not provide any legal basis for its motion. On March 24, 2005, plaintiffs filed their opposition to KMart's motion; they argue that KMart's questions were redundant and unnecessary given the previous two days of deposition. DE 26. Additionally, the plaintiffs argue that the sanctions requested by KMart are too severe given that the plaintiffs have turned over Mr. Trent's entire criminal file to KMart, which file includes a transcript of Mr. Trent's allocution to the judge in his criminal trial.

I have previously rejected the plaintiffs' argument that Mr. Trent was justified in refusing to answer KMart's questions, and I find their current argument concerning the relevancy of the KMart's questioning unconvincing. *See* DE 9 (minute entry of the pretrial conference). I do, however, agree with the plaintiffs that the sanctions requested by KMart are inappropriate. The Federal Rules of Civil Procedure permit the imposition of sanctions on a party who fails to comply with an order to compel. Fed. R. Civ. P. 37(b). I issued such an order, but I cannot find that Mr. Trent failed to comply. Had KMart's counsel re-asked the question after I made my ruling, a continued refusal to answer might merit a sanction (though not necessarily the sanction KMart now seeks). But that is not what happened. KMart did not give Mr. Trent an opportunity to comply with my ruling. As a result, there is no legal basis for me to impose any sanction.

Moreover, even if some sanction were warranted, the harsh sanction of preclusion would be unjust. KMart will not be unfairly prejudiced by Mr. Trent's testimony. KMart has the

allocution it asked Mr. Trent to describe at the deposition, and apparently intends to use it as an exhibit at trial.  *See* DE 24 at 6 (pretrial order).  The sanction KMart seeks would severely prejudice the plaintiffs' case but do nothing to cure any harm to the defendants arising from Mr. Trent's recalcitrance.  Accordingly, the motion to preclude Mr. Trent's testimony is denied.

  B. <u>Plaintiffs' Motion To Compel Discovery Of KMart's Loss Prevention Manual</u>

Plaintiffs seek to compel KMart to produce its loss prevention manual.  Although the parties dispute precisely how and when the plaintiffs requested the manual, there is no dispute that such a request was made by the time of the deposition of witness Joseph Picciotto, and that at that point KMart sought to withhold the manual on the basis of some manner of privilege.  Following the assertion of this poorly defined privilege at the deposition, KMart does not appear to have submitted a privilege log as required by Local Civil Rule 26.2(b).  KMart argues that plaintiffs' motion to compel should be denied because the motion and plaintiffs' document demand are untimely, because the loss prevention manual is irrelevant to the instant litigation, and because the manual is proprietary in nature and privileged material not subject to discovery.  DE 23.

I deem both plaintiffs' request for the manual and their motion to compel to be timely.  Plaintiffs requested the manual at the deposition of Mr. Picciotto, which occurred during the discovery period.  Plaintiffs' third document request, which also contains the request for the manual, was timely served on KMart pursuant to Rule 5(b)(2)(B) of the Federal Rules of Civil Procedure.  As to the motion to compel, it appears that both parties bear some degree of responsibility for this delay.  The plaintiffs should have brought KMart's refusal to provide the manual to my attention sooner; however, it also appears that part of the plaintiffs delay stems

from efforts to comply with Local Rule 26.5 and from KMart's failure to properly assert their privilege. Additionally, plaintiffs delay has not prejudiced KMart or delayed the start of trial.

KMart's second ground for opposing production of the manual is an assertion that it is irrelevant. Rule 26 states that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts." *Sackman v. Liggett Group, Inc.*, 173 F.R.D. 358, 361 (E.D.N.Y. 1997) (quoting *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (citation omitted)). Generally, federal courts have interpreted the question of relevancy broadly and have favored open discovery. 8 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2008 (2d ed. 1994).

The plaintiffs claim that Mr. Trent was injured by security guards hired by KMart acting in accordance with KMart's policies for preventing shoplifting. Those policies and how they were conveyed to KMart's employees are clearly a relevant subject of discovery. The plaintiffs' third cause of action specifically alleges that KMart engages in an ongoing policy of illegal discriminatory conduct. The security manual is reasonably likely to contain evidence of the existence of these policies and how KMart implemented them.

KMart's claim of privilege is baseless. It fails to cite a legal basis for a proprietary information privilege. KMart's cited case law does not support its proposition that proprietary

information is not subject to discovery. *Dubai Islamic Bank v. Citibank N.A.*, 211 F. Supp.2d 447 (S.D.N.Y. 2001); *In re Agent Orange Product Liability Litigation*, 821 F.2d 139 (2d Cir. 1987). In *Dubai Islamic Bank*, the court entered a protective order that protected the parties' confidential information by limiting the manner in which sensitive documents could be used by the parties; these sensitive documents were still discoverable. 211 F. Supp.2d at 449. In order to qualify for a protective order, the party seeking the protective order must make a showing of good cause. *Id.* KMart has not made such a showing. The plaintiffs' motion to compel the production of KMart's loss prevention manual is therefore granted.

  C. <u>Plaintiff's First Cross-motion</u>

    1. <u>Deposition Of Matthew Shapiro</u>

Plaintiffs are requesting that I issue a subpoena directing Shapiro to appear for a deposition on a date certain. DE 26 at 2. Plaintiffs allege that Shapiro has been evading deposition; however, they neither explain what efforts the plaintiffs have taken to depose Shapiro, how Shapiro has evaded deposition, or why they waited until a month and a half after the close of discovery to bring this alleged evasion to my attention. It is undisputed that Shapiro attended other witnesses' depositions, which appears inconsistent with the proposition that he is evading his own.

The plaintiffs have had ample opportunity to either depose Mr. Shapiro or to bring his alleged evasion to my attention. They chose to wait until well after discovery had closed to raise this matter with me; and their motion is no longer timely. Conducting Shapiro's deposition this close to the start of trial would result in delay and would interfere with the court's schedule. The plaintiffs' request to compel Mr. Shapiro's deposition is therefore denied.

2. <u>Amending the Caption</u>

Plaintiffs have made a cross-motion to amend the caption to replace the Doe defendants with Jason Alexander ("Alexander"), Matthew Shapiro ("Shapiro"), and Joseph Picciotto ("Picciotto") (collectively "new defendants"). These individuals are not currently parties to the action; therefore it appears that plaintiffs intend to by their motion to join the three named individuals as new defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure. However, the plaintiffs offer no explanation for why such relief is warranted and have failed to provide any details as to what, if any, claims plaintiffs intend to assert against these individuals. The only mention of the Doe defendants in the complaint is in paragraph 4, which states: "Upon information and belief, defendants Mark 'Doe', Jason 'Doe' and 'John Doe' are all residents of the County of Suffolk and State of New York." DE 1 ¶ 4. No other mention is made of these defendants in plaintiffs' allegations. Plaintiffs' first cause of action makes reference to KMart as a singular defendant; although, it appears that the allegations in this cause of action could apply to all defendants. Plaintiffs' third cause of action pleads fact specific allegations against KMart that cannot apply to the Doe defendants. *See Id.* at ¶19.

In the interest of resolving all pretrial issues prior to the trial date set by District Judge Leonard D. Wexler, I will give plaintiffs the benefit of the doubt and assume that their intent is to amend the complaint to assert the first, second, fourth, fifth, sixth, and seventh causes of action against the new defendants.

a. <u>Legal Standard Pursuant to Rule 15 and Rule 21</u>

Because plaintiffs seek to join these three individuals as defendants and to amend the complaint to apply their claims to them, their motion implicates the provisions of both Rule 15(a)

and Rule 21 of the Federal Rules of Civil Procedure. *See Momentum Luggage & Leisure Bags v. Jansport, Inc.*, 2001 WL 58000, *1-*2 (S.D.N.Y. Jan. 23, 2001). The former allows a party to amend its pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The latter allows the court to add a party "at any stage of the action and on such terms as are just."

Both rules trigger the same standard of review. When a party seeks the court's permission to amend under Rule 15(a), the Supreme Court has clearly stated that in the absence of reasons to deny the application such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... futility of amendment, etc.[,] the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 21 likewise allows a court broad discretion to add a party, *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, *1 (E.D.N.Y. Mar. 5, 2003), and the exercise of that discretion should be "guided by the same standard of liberality afforded to motions ... under Rule 15." *Rissman v. The City of New York*, 2001 WL 1398655, *1 (S.D.N.Y. Nov. 9, 2001).

The plaintiffs' motion suffers from numerous procedural deficiencies: it is not made pursuant to the applicable Federal Rules of Civil Procedure; it fails to cite any case law in support of the motion; and it does not comply with my individual rules. All of these defects would be sufficient reason for me to deny the instant motion without prejudice to renewal. However, in the interest of judicial efficiency and justice I will consider the merits of the plaintiffs' cross-motion.

Of the various reasons recognized by the Supreme Court for denying a motion made under Rule 21 or Rule 15, KMart presents only two arguments for why I should deny plaintiffs' motion. First, KMart argues that I should deny plaintiffs' motion because plaintiffs waited until after the pretrial conference to move to join the additional parties, despite knowing the names of the new defendants (who are KMart employees) months prior to the pretrial conference. DE 28 at 2-3. While it would obviously have been advantageous to all parties involved in this case if the plaintiffs had moved to join these additional defendants sooner, their delay is not itself a sufficient basis for denying leave to amend. The defendants must show either that plaintiffs' delay is the product of bad faith or that it will cause the defendants undue prejudice. *See*, *e.g.*, *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993). KMart has not shown, nor has it attempted to show, either.

Despite KMart's failure to demonstrate prejudice, I will still consider if plaintiffs' delay prejudices KMart. Plaintiffs waited until after discovery had closed, a pretrial order had been submitted by the parties, and a trial date had been set to make their motion. If the addition of the new defendants were to require either additional discovery to be conducted, a new pretrial order to submitted by KMart, or a delay in the trial of plaintiffs' claims against KMart, then the addition of these new parties would prejudice KMart and require me to deny plaintiffs' request.

Nevertheless, it is at least conceivably possible for plaintiffs to join the new defendants and avoid prejudice to KMart. It appears that plaintiffs' claims against Alexander, Shapiro, and Picciotto do not require any additional discovery. The plaintiffs' claims against the new defendants involve the same incident and the same facts as their claims against KMart.

9

Additionally, plaintiffs have had the opportunity to depose each new defendant.[1] Rule 21 states that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Instead of delaying the start of trial, plaintiffs' claims against KMart and their claims against the new defendants could conceivably be tried separately. This would permit the plaintiffs' claims against KMart to proceed as scheduled, but it would be contrary to the interest in judicial economy, and I would not want impose such a burden on the court, particularly where I am not the judge that would have to try two cases instead of one simply as a result of the plaintiffs' failure to act in a timely fashion. Nevertheless, I will assume that the interest of judicial economy by itself would not warrant denial of the application.

Second, KMart argues that I should deny plaintiffs' cross-motion, because the addition of the new defendants would be futile. DE 28 at 3. I must analyze that argument as I might a motion pursuant to Rule 12(b)(6). *Jenkins v. Sea-Land Serv., Inc.*, 1994 WL 445642 at *5 (S.D.N.Y. Aug. 17, 1994) (citations omitted). I must therefore accept the proposed amended complaint's new material factual allegations as true, and I may not dismiss – meaning, in the context of this motion, that I may not deny leave to amend – "'unless it appears beyond doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief.'" *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The issue is not whether a [movant] is likely to prevail ultimately, but whether [he] is entitled to offer evidence to support his claims." *Id*. (citations omitted). I therefore examine each of the causes of action in turn.

---

[1] Plaintiffs only actually conducted the depositions of Alexander and Picciotto; however, as discussed below, the plaintiffs have had ample opportunity to conduct Shapiro's deposition and have failed to do so.

b. <u>Section 1983 Claims</u>

Plaintiffs' first cause of action seeks to recover for a violation of Mr. Trent's civil rights pursuant to 42 U.S.C. § 1983. Plaintiffs allege that after Mr. Trent entered the KMart parking lot he "was, without provocation, viciously and wantonly physically assaulted and attacked by three male agents, servants and or employees of defendant, KMART, acting under color of law, after being accused of shoplifting." DE 1 at ¶ 6. Plaintiffs further allege that the managerial employee who attacked Mr. Trent stated that he was acting under color of law. *Id*. at ¶ 9. Plaintiffs allege that KMart attacked Mr. Trent because of his race and that this constitutes discriminatory conduct in violation of Mr Trent's Constitutional rights. *Id*. at ¶¶12, 13. Plaintiffs do not provide any further explanation for their Section 1983 claim in their complaint, do not allege which Constitutional rights KMart allegedly violated, or make any allegations of state action.

Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment.") (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966))). Generally, private actors cannot be held liable under Section 1983, because actions

11

taken by private actors are not considered to be state actions. *See Brewster v. Nassau County*, 349 F. Supp.2d 540, 546 (E.D.N.Y. 2004). In order to satisfy the requirement of state action in a Section 1983 case against a private actor, the "allegedly unconstitutional conduct must be fairly attributable to the state." *Guiducci v. Kohl's Dep't Stores*, 320 F. Supp.2d 35, 37 (E.D.N.Y. 2004) (quoting *Tancredi,* 316 F.3d at 312). Ostensibly private conduct "can be fairly attributed to the state only if there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be treated as that of the State itself.'" *Tancredi*, 316 F.3d at 312-13 (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quotations omitted)).

Plaintiffs' complaint fails to allege any nexus between the actions taken by defendants and the state. Alexander, Shapiro, and Picciotti are all private actors employed by KMart. That plaintiffs allege two of these employees to have been employed as security guards is irrelevant, because private security guards hired by a store are not state actors, absent either specific authority of state law or willful participation in a joint activity of the state or its agents. *See Guiducci,* 320 F. Supp.2d at 37; *Josey v. Filene's, Inc.*, 187 F. Supp.2d 9 (D. Conn. 2002). There appears to be no alleged nexus between the state and the new defendants plaintiffs seek to join. Therefore, plaintiffs' Section 1983 claim is futile, and the plaintiffs are denied permission to assert such a claim against the new defendants.

        c.        <u>New York State Law Claims</u>

KMart argues that plaintiffs' state law claims are futile, because they are governed by a one-year statute of limitations which has already expired. DE 28 at 3. KMart makes this claim without any citation to governing New York law. KMart also argues that the court lacks

supplemental jurisdiction over these state law claims, because plaintiffs' Section 1983 claim is futile.

Plaintiffs' second, fourth, and fifth causes of action are all state law intentional torts. *See* DE 1. The statute of limitations for intentional torts in New York is one year. N.Y. C.P.L.R. § 215; *see also*, *Yong Wen Mo v. Gee Ming Chan*, 2005 WL 757634 (N.Y. App. Div. 2 Dep't, Apr. 4, 2005). All of the conduct alleged in the plaintiffs' complaint occurred in May 2003; over a year has passed since then, and there is no apparent basis for relating the addition of new defendants back to the date of the allegations made against the "Doe" defendants named in the original complaint. *See*, *e.g.*, *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir.1995), *modified*, 74 F.3d 1366 (2d Cir.1996). Plaintiffs' claims against the new putative defendants are therefore time-barred and would thus be futile.

Plaintiffs' sixth cause of action asserts a claim for the negligent infliction of emotional distress and their seventh cause of action is a claim by Mrs. Trent for loss of consortium. These claims are governed by a three year statute of limitations and are not time barred. N.Y. C.P.L.R. § 214. Accordingly, to the extent this court has jurisdiction over the Section 1983 claim against KMart, it might also exercise supplemental jurisdiction over these related state law claims. Where a federal court has original jurisdiction over a civil action, that court has supplemental jurisdiction to hear all state law claims so related as to "form part of the same case or controversy." 28 U.S.C. § 1367. This applies to claims that involve the joinder of additional parties. *Id*. However, because I recommend dismissal of the Section 1983 claim for want of jurisdiction, for reasons set forth in a separate report and recommendation, I believe there is no basis for asserting supplemental jurisdiction and that the proposal to add the state claims is

therefore futile. Accordingly, the request to amend the caption – which in reality seeks the more substantive relief of adding new defendants – is denied.

        D.      <u>Plaintiff's Cross-motion To Preclude All Documents Contained in Their Third Document Request</u>.

Plaintiffs have filed a cross-motion to preclude all items requested in their third document request as a sanction for KMart's failure to respond. DE 26 at 4. That document request seeks the production of the loss prevention manual discussed above, as well as the personnel files and job applications of Matthew Shapiro, Jason Alexander, and Joseph Picciotto; the names, addresses, and telephone number of various KMart employees and vendors; a list of all supervisory personnel on duty at the KMart store on the day of the incident; and copies of all reports prepared by the loss prevention manager. DE 26 Ex. B. I do not find any reason to order preclusion if production is an adequate alternative remedy. Contrary to KMart's assertion, the document request was timely served pursuant to Rule 5(b)(2)(B) on February 4, 2005. If KMart has objections other than timeliness to providing the requested discovery to the plaintiffs, it has not revealed them. I therefore direct KMart to provide the plaintiffs with all of the documents contained in the their third document request.

III.    <u>Conclusion</u>

For the reasons stated above reasons, KMart's motion to preclude plaintiff Derrick Trent's testimony is DENIED; the plaintiffs' motion to compel the production of KMart's loss prevention manual is GRANTED; the plaintiffs' first cross-motion to amend the caption and compel the deposition of Matthew Shapiro is DENIED; the plaintiffs' second cross-motion for an order precluding all documents listed in their third document request is DENIED, but KMart is as an

alternative directed to produce all items requested in the third document request. The directives to produce documents are stayed pending Judge Wexler's determination of my separately filed recommendation that the case be dismissed for lack of subject-matter jurisdiction.

**SO ORDERED.**

Dated: Central Islip, New York
April 25, 2005

/s/ James Orenstein
JAMES ORENSTEIN
United States Magistrate Judge